UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOWIE NORTH AMERICA, INC. and HENRY M. WHETSTONE, JR., <br><br> Plaintiffs, <br><br> v. <br><br> CANDY TREASURE, LLC and KEVIN GASS, <br><br> Defendants. | Case No. 13CV1906-BEN(JMA) <br><br> **ORDER REQUIRING VIDEO TAPED DEPOSITION OF PLAINTIFF'S F.R.C.P. 30(b)(6) WITNESS** |

A discovery dispute exists arising from Defendants Candy Treasure, LLC's and Kevin Gass's ("Defendants") Fed. R. Civ. P. 30(b)(6) Notice of Deposition of Plaintiff Yowie North America, Inc. ("Yowie"). Defendants seek to depose a representative of Yowie about Yowie's sales and claims of irreparable injury in the United States in order to oppose Yowie's pending Motion for Preliminary Injunction, which is scheduled to be heard on November 25, 2013. Defendant's opposition to the motion is due November 12, 2013. Given the exigency of the need for the discovery sought, the Court has permitted the parties to forego the undersigned's requirements for the handling of discovery disputes and instead permitted briefing in letter form. The parties' letter briefs were submitted on November 1, 2013 and have been reviewed by the undersigned.

The sole issue in dispute is whether Yowie's corporate designee, who is located in Australia, should be ordered to travel to San Diego for the deposition. Yowie has agreed to make this individual available by video conference for deposition. Defendants contend the deponent should be compelled to travel to San Diego, because Australia is a signatory to the Hague Convention and requires a party to obtain governmental permission to take a deposition on Australian soil. Defendants' Letter Brief, p. 2, *citing to* 7 Foreign Affairs Manual 920 (available at http://www.state.gov/documents/organization/86740.pdf). Defendants state governmental permission can not be obtained in sufficient time to timely oppose Yowie's motion. *Id.*

As explained in *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F.Supp. 2d 525 (D.N.J. 2009) "(t)he Hague Convention 'prescribes certain procedures by which a judicial authority in one contracting nation may request evidence located in another nation.' *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004). The Convention is not mandatory and serves only as a permissive supplement to the Federal Rules of Civil Procedure. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 536, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987). When discovery is sought from a foreign party, there is no rule of 'first resort,' compelling the discovering party to attempt to utilize the Convention's procedures before resorting to the Federal Rules. *See Automotive Refinishing*, 358 F.3d at 300. As such, the Federal Rules remain the 'normal method[] for federal litigation involving foreign national parties' unless the facts of a given case indicate 'the 'optional' or 'supplemental' Convention procedures prove to be conducive to discovery.' *Id.* at 300 (*quoting Societe Nationale*, 482 U.S. at 536) (emphasis added). .... In order to compel application of the Hague

2

Convention over the Federal Rules, the party seeking to apply the Convention procedures bears the burden to show that the "particular facts, sovereign interests, and likelihood [of resorting to Hague procedures] will prove effective." *Id.* at  300, 305. In evaluating whether to require resort to the Convention, courts should be mindful of 'unnecessary, or unduly burdensome, discovery' that may place foreign litigants in a disadvantageous position. *Id.*"  *Schindler Elevator Corp.*, 657 F.Supp. 2d 528-529.

   Unlike *Schindler Elevator Corp*, this is not a situation in which a foreign party seeks to invoke the protections of the Hague Convention. Rather, Defendants argue the procedural requirements of the Hague Convention are so cumbersome, Yowie's representative should be ordered to travel to San Diego. Although Defendants state they "are not aware of any lawful way to bypass this Hague Convention requirement," they overlook that the Hague Convention is not mandatory and is only a permissive supplement to the Federal Rules of Civil Procedure. Defendants argue footnote 7 of *Societe Nationale* stands for the proposition that depositions of foreign nationals are different than document discovery and, therefore, require compliance with the Hague Convention. This argument, however, was expressly rejected in *Schindler Elevator Corp.*, which curiously is a case that was brought to the Court's attention by Defendants. As observed in *Schindler Elevator Corp*, "numerous courts -- both before and after *Societe Nationale"* -- have determined the analysis regarding written discovery as opposed to deposition discovery is the same and have ordered depositions of foreign parties occur in accordance with the Federal Rules. *Id.* at 529 *(citations omitted).*

   Fed. R. Civ. P. 29(a) allows parties to stipulate to a party deposition taking place "at any time or place" without resorting to the Hague

Convention. Furthermore, courts have routinely ordered depositions of individuals located in Australia be conducted by video conference, pursuant to the Federal Rules of Civil Procedure and without the need for the Hague Convention. *U.S. v. Philip Morris*, 2004 U.S. Dist. LEXIS 24551 (D.D.C. August 30, 2004) (video deposition ordered from Australia; *UniSuper Ltd. v. News Corp.*, 2006 Del. Ch. LEXIS 31 (Del. Chanc. Feb. 9, 2006) (applying state rule modeled on the predecessor to Fed. R. Civ. P. 30(b)(4) (Fed. R. Civ. P. 30(b)(7)) to order video deposition from Australia); *see also Baraz v. U.S.*, 181 F.R.D. 449, 452-453 (C.D. Cal. 1998) (telephonic deposition of Plaintiff; applying *Societe Nationale*); *In re Global Power Equip.*, 418 B.R. 883 at 41-43 (D. Del. 2009) (deposition in France ordered finding the Hague Convention is not mandatory even though France has a statute purporting to require Hague Convention compliance). Here, Yowie has agreed to make its representative available for deposition by video conference. There is no need, therefore, to utilize the Hague Convention to accomplish this deposition, as the Federal Rules of Civil Procedure sufficiently address this situation and will allow Defendants a full and fair opportunity to test Yowie's assertions of irreparable injury.

Based on the foregoing, the deposition of Yowie's Fed. R. Civ. P. 30(b)(6) witness shall proceed with the deponent participating by video conference.

DATED: November 6, 2013

Jan M. Adler
U.S. Magistrate Judge

4